## August Hackart, Jr., Appellee, v. Decatur Coal Company, Appellant.

MINES AND MINERS ACT—*what evidence of demands for props not prejudicially erroneous.* Held, that evidence of ineffectual demands for props made on the day of the injury not being disputed, it was not prejudicial error to receive in evidence other demands for props which had not been complied with.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed June 14, 1909.

LE FORGEE & VAIL, for appellant.

JACK & DECK and REDMON & HOGAN, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

August Hackart, Jr., brought suit in the Circuit Court of Macon county to recover damages alleged to have resulted from injuries sustained by him while working in the mine of said Decatur Coal Company. There was a verdict in favor of Hackart in the sum of $3,135 upon which the court rendered judgment and this appeal followed.

Appellee was in the employ of appellant as a coal miner and while engaged in such services he was seriously and permanently injured by a fall of slate from the roof of appellant's mine. There was conflict in the evidence upon some features of the case, but a careful examination of all the evidence satisfies us that the chamber in which appellee was at work was only about four and one-half or five feet high from floor to roof; that appellee, at the time he received the injury complained of, was working in a kneeling position and was injured by a fall of slate upon the back portion of his body and head and upon his legs, which broke his legs and caused some injury to his back and

head; that on the morning of the day of the injury, and before the injury took place, demand was made in the manner which was customary in said mine for caps and props by appellee's father for use by himself and appellee in the room in said mine where they were working together; that sufficient caps were not furnished appellee and his father for their use and that the fall which caused the injury sued for was caused by the failure of appellant to furnish suitable and sufficient caps to stay and support the roof under which appellee was at work.

On the trial of the cause appellee was permitted to prove over objection of appellant that appellee and other coal miners in the employ of appellant in its said mine had frequently demanded props and caps at other times prior to the day of the injury of appellee and that appellant had failed to furnish the same upon such demand.

The admission of this evidence is assigned as error by appellant and is the only assignment which we deem of enough merit to warrant discussion. All the evidence upon the subject of demand for props and caps by appellee just before his injury, was given by appellee and his witnesses and was amply sufficient to warrant the jury in finding that appellee had made such demand prior to the time of his injury and long enough prior to that time so that such props and caps could easily have been furnished to appellee in time to have averted the fall which caused the injury. Appellant offered no evidence of any kind showing or tending to show that such demand for props and caps had not been made as claimed by appellee, but sought to justify its action in that respect by showing that props could be and sometimes were used for caps, which did not in any way dispute the demand or tend to show that the caps demanded were furnished. Under such circumstances we do not see how the admission of the testimony complained of could have been prejudicial to appellant's cause. If the case had been a close one

upon that point and there had been testimony upon the part of appellant that no demand had been made for props and caps as claimed by appellees just prior to the injury, then the admission of the evidence complained of would have been prejudicial error, as evidence of other demands followed by failures to comply therewith, would have influenced the jury to believe that the demand and refusal alleged to have existed in the instance under discussion had been established, but since appellant by none of its servants, nor by its superintendent, pit boss, or manager, disputed or denied the demand testified to on behalf of appellee, the admission of the evidence, although technically erroneous, was not an error so prejudicial to appellant as to warrant a reversal upon that account.

The merits of the case are with appellee, the record is free from reversible error, and the judgment is affirmed.

*Affirmed.*